**Shirley HOUGH et al., Appellants,**

v.

**OHIO RIVER SAND COMPANY, Inc., et al.,
Appellees.**

Court of Appeals of Kentucky.

March 23, 1956.

Leo J. Sandmann, Louisville, for appellants.

Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, for appellees.

WADDILL, Commissioner.

This is an appeal from a judgment sustaining appellees' motion for a summary judgment. The only question presented under this record is whether or not a deed appearing in appellants' chain of title limited the northwest boundary of the property conveyed to the margin of the Ohio River.

Appellants are the owners of two riparian lots on the Ohio River. The complaint alleged that appellees dug sand in appellants' submerged land causing the bank to cave in for approximately 50 feet deep along the entire width of their two lots. Appellants sought damages and an injunction against appellees.

Appellees moved for a summary judgment on the ground that the appellants did not have title to any part of the river bed.

This contention was based on a deed from William B. Belknap appearing in appellants' chain of title, which described the property in part as:

"55.06 acres in Oldham County, Kentucky between the Northwest line of the River Road and low water mark on the southeast bank of the Ohio River about 14 miles Northeast of Louisville bounded as follows:

"Beginning at an iron stake in the Northwest line of the River Road * * * [Northwest] to low water mark on the southeast side of the Ohio River then down said river with low water mark * * * to corner J. S. Garvin Heirs, then leaving the river with Garvin Heirs * * * [to] River Road, then with said Northwest road line * * * to the point of the beginning * * *,

"Being the Northwest part of the 154 acre tract conveyed to William B. Belknap * * *."

It is agreed that where the line of a grant runs to the margin or bank of a stream and along the stream, or along the bank, the grant extends to the thread of the stream, unless there is something in the description which clearly excludes the bed of the stream. Berry v. Snyder, 3 Bush 266, 66 Ky. 266.

The appellants contend the application of this rule gives them title to the bed of the Ohio River to the thread of the stream, while the appellees urge that the use of "low water mark" as a boundary clearly excludes the river bed.

Where land bordering on a stream is conveyed, a very strong presumption exists that the grantor intended to convey the bed of the stream toward the center as far as he owns, and to rebut this presumption there must be an express exception or a clear and unequivocal declaration of an intent to limit the grant. See, annotation, 74 A.L.R. 597, at page 599.

In 1891 the Supreme Court of Wisconsin decided that the use of "low water mark" in a deed excluded the bed of the stream, Allen v. Weber, 80 Wis. 531, 50 N.W. 514, 14 L.R.A. 361; however, a New York Court has reached the opposite result. Varick v. Smith, 9 Paige, N.Y., 547. This Court has never been called upon to construe this use of language; but, we have held that title to the river bed was not excluded where the boundary was described as "beginning at said Taylor's upper corner—buckeye, beach, and sugar-tree on the bank of the river—running thence up the river, binding on the same as it meanders," Berry v. Snyder, 3 Bush 266, 66 Ky. 266. The same result was reached in Runion v. Alley, 39 S.W. 849, 19 Ky.Law Rep. 268, "to a stake on the Sandy river; thence up Sandy river * * * to a sycamore"; and in Baxter v. Davis, 252 Ky. 525, 67 S.W.2d 678, 680, " 'thence S. 42 E. 12 poles to a stake at river; thence down the river with its meanderings on the north side S. 40 W. 20 poles to a stake' ", and also in Sutton v. Terrett, 301 Ky. 506, 192 S.W. 2d 382, 383, " 'begins at the N.E. Corner of the original Home Tract, on the Chute Bank, runs with said Chute Bank, 41 poles to a stake.' "

We think the use of "low water mark" as it appears in the deed before us does not clearly indicate an intent to reserve to the grantor the river bed. Especially is this true where the deed further describes the property as "being the northwest part of the 154 acre tract conveyed to William B. Belknap * * *." This is a strong indication that the grantor did not intend to retain the ownership of any part of the grant northwest of that which he conveyed to his grantee.

We therefore conclude there is no clear and unequivocal exception of the river bed appearing in the deed and the presumption that the grantee will hold to the thread of the stream is not overcome.

The trial court erred in granting summary judgment for the appellee. Wherefore the judgment is reversed for proceedings not inconsistent with this opinion.

MOREMEN and CAMMACK, JJ., dissenting.